UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW MATHERNE                                  CIVIL ACTION

VERSUS                                            NO. 24-1561

HOUMA POLICE DEPARTMENT, ET AL.                   SECTION "I"(4)

ORDER AND REASONS

Pending before the Court is defendants Houma Police Department and Officer Matthew Henry's ("Defendants") **Motion to Compel (ECF No. 29)**. Plaintiff Matthew Matherne ("Matherne"), proceeding *pro se* and *in forma pauperis*, did not file any opposition and the time to file such has passed. *See* E.D. La. 7.5. The Court finds that oral argument is unnecessary for the reasons that follow.

I.      **Background**

Matherne was a pretrial detainee housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC") at the time of the filing of this suit in which he named Houma Police Department ("HPD") as a defendant. ECF No. 5, ¶III(B), at 3. Matherne alleges that on April 4, 2024, during his arrest he was tackled by the arresting officer and his right knee was dislocated. *Id*., ¶IV, at 7. On September 9, 2024, Matherne filed an Amended Complaint (ECF No. 11) in response to an order by this Court requesting more information regarding the claims asserted. In the amended complaint, Matherne states the arresting officer who tackled him was Matthew Henry. ECF No. 11 at 1.

According to Matherne, two patrol units pulled up to him while he was walking, and he proceeded to stop and raise his hands into the air. *Id*. at 2. He states he had no knowledge he was under arrest when Henry grabbed his left arm, faced him towards the unit, and stated "stop

1

resisting" then immediately and violently slammed him to the concrete using his leg to trip or tackle him which dislocated and injured his right knee. *Id*. Matherne states at the time of the arrest he was not resisting. *Id*. As a result of his injury, he was taken to be seen at Leonard J. Chambert Medical Center. *Id*.

Attached to the amended complaint are police reports detailing the incident showing that Matherne was charged by HPD with burglary and resisting an officer. *Id*. at 7. There is also an attachment of an incident report by HPD describing Henry's use of force that states Matherne was pushed off balance backwards by Henry and escorted to the ground. *Id*. at 9-10. Per the amended complaint, Matherne pled guilty to a reduced charge of unauthorized entry of a place of business and the resisting an officer charge was refused. *Id*. at 1.

Prior to the Court's statutory frivolous review, Defendants filed a motion dismiss for failure to state a claim. ECF No. 17. After conducting the frivolousness review, the undersigned issued a Report and Recommendation denying Defendants motion to dismiss, dismissing HPD as a defendant, and allowing Matherne's excessive force claims against Officer Matthew Henry to move forward for further proceedings. ECF No. 21. The United States District Judge adopted the Report and Recommendation on April 16, 2025, and HPD was terminated as a defendant. ECF No. 22. After a preliminary conference both parties consented to proceed before the undersigned. ECF No. 27. In addition to other deadlines, the Court ordered that all discovery was to be completed by November 10, 2025. ECF No. 28.

In their motion to compel, Defendants state they attempted to take a deposition of Matherne on October 6, 2025, at 10:00 a.m., at the Government Tower in Houma, Louisiana. ECF No. 29 at 1. Defendants claim Matherne answered questions for approximately 15 minutes before stating he would no longer be answering questions. *Id*. Defendants provided transcripts from the deposition

that indicate Matherne was answering questions about topics surrounding previous lawsuits, employment, and mental health history. ECF No. 29-1 at 2-4. However, when Defendants began to ask questions pertaining to the alleged incidents in his suit, Matherne began to give responses such as "I don't want to answer your questions," "I'm not going to give the defense profitable margin against me. I apologize for the inconvenience," "So we're done here, I think." The deposition concluded when Matherne stated he was finished with Defendant's questions and that he would be leaving before the deposition was finished. ECF No. 29-1 at 4. Further, Defendants assert they gave Matherne proper notice of the deposition and that he did not submit his initial disclosures. ECF No. 29 at 1-2.

Defendants now seek to compel Matherne to attend a deposition on November 26, 2025, at 10:30 a.m. at the Government Tower in Houma, Louisiana, as well as submit his initial disclosures by the same. ECF No. 29-4 at 1. Additionally, Defendants request that the Court issue appropriate sanctions under Rule 30 and Rule 37 including, but not limited to, attorneys and court reporter fees. ECF No. 29 at 2.

## II.    <u>Standard of Review</u>

Rule 30 of the Federal Rules of Civil Procedure governs "Depositions by Oral Examination" and provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial." Fed. R. Civ. P. 30(c)(1). Fed. R. Civ. P. 30(c)(2) provides that:

> An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). When "a deponent fails to answer a question asked under Rule 30 or 31[,]" the "party seeking discovery may move for an order compelling an answer[.]" Fed. R. Civ. P. 37(a)(3)(B)(i). Additionally, under Fed. R. Civ. P. 30(d)(2), "a court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Federal Rule of Civil Procedure 37 governs the sanctions for a party failing to cooperate in discovery. Rule 37(d)(1)(A) states, "The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." Further, Rule 30(g) provides "[a] party who, expecting a deposition to be taken attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: attend and proceed with the deposition . . ." Under Rule 37(d)(3), the Court may issue any of the orders listed in Rule 37(b)(2)(A) which includes dismissing the action or proceeding in whole or in part, or treating as contempt of court failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A)(v), (vii).

To dismiss under Rule 37, a lesser sanction must be unavailable. *Id.* "Moreover, the imposition of a sanction without a prior warning is to be avoided." *Francois*, 2012 WL 38291 at *2. Actions by a party triggering Rule 37(d) sanctions do not need to be willful and may be negligent, but "the level of culpability might inform the appropriate sanction." *Abram v. Ashland Servs., LLC*, No. 12-232, 2016 WL 7116018, at *2 (E.D. La. Dec. 7, 2016) (citing *Coane v. Ferrara Pan Candy, Co.*, 898 F.2d 1030, 1032) (5th Cir. 1990) (quoting Fed. R. Civ. P. 37, advisory committee's note to 1970 amendment) ("[I]n view of the possibility of light sanctions, even a negligent failure should come within 37(d).")) (finding that a party failing twice to deposition was ordered to appear, not

4

found in contempt, and ordered to pay reasonable expenses). Rule 37(d)(3) also states that the court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

### III.    <u>Analysis</u>

Plaintiff has presented no arguments (and no opposition to the Motion) as to why he refused to answer questions and ended the deposition when asked about the facts pertaining to the alleged incident. While an award of costs and attorneys fees would normally be appropriate in circumstances such as this, Matherne's *in forma pauperis* status makes such an award unjust. Fed. R. Civ. P. 37(b)(2)(C).

Fed. R. Civ. P. 37(a) provides the appropriate procedure for compelling disclosure or discovery when a deponent fails to answer a question asked under Rule 30 or 31. Fed. R. Civ. P. 37(a). An order compelling a plaintiff in a deposition to answer can be an appropriate remedy when the plaintiff fails to answer questions related to the alleged incident. *See Dawes v. Coughlin*, 210 F.R.D. 38, 42 (W.D. N.Y. 2002) ("Where a party physically appears for the taking of his deposition, but refuses to cooperate by testifying, the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and to testify. This serves the purpose of impressing upon the party the seriousness of his actions and avoids a default judgment resulting from some misunderstanding on his part.").

Here, the appropriate action to be taken by the Court is to order Matherne to submit initial disclosures and to attend, be sworn, and testify at his deposition. Despite the Court's denial of sanctions at this time, a plaintiff simply cannot file suit and then refuse to answer questions about the incident or facts that may entitle him to relief. As such, the Court warns Matherne that, should

he fail to attend or be sworn and testify as to all the questions asked during a second scheduled deposition without substantial justification, he may face severe sanctions, such as a dismissal of his case.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendants' **Motion to Compel (ECF No.29) is GRANTED IN PART AND DENIED IN PART** as stated herein;

**IT IS FURTHER ORDERED** that Plaintiff Matthew Matherne submit his Initial Disclosures by **November 26, 2025**;

**IT IS FURTHER ORDERED** that Matherne must attend, be sworn, and testify to all questions in his deposition on **November 26, 2025, at 10:30 a.m**. at the Government Tower located at 8026 Main Street, Houma, Louisiana, or at a mutually agreeable date and location. Failure to comply may result in severe sanctions including dismissal of the case.

**IT IS FURTHER ORDERED**, that in light of the circumstances, the deposition of Matherne is permitted to resume past the discovery deadline of November 10, 2025. Should Defendants need additional discovery following Plaintiff's deposition, they may seek to extend the deadline at that time and provide specific information as to why the discovery sought could not have been obtained prior to Plaintiff's deposition.

**IT IS FURTHER ORDERED** that Defendant's request for sanctions is **DENIED**.

New Orleans, Louisiana, this _5th_ day of November, 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**