UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW MATHERNE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1561** |
| **HOUMA POLICE DEPARTMENT, ET AL.** | **SECTION "I"(4)** |

### ORDER AND REASONS

Pending before the Court is defendants Matthew Henry and Houma Police Department[1] ("Defendants") **Motion to Dismiss (ECF No. 32).** Additionally, after the filing of the motion to dismiss, Defendants also filed a **Motion to Compel (ECF No. 33)**. Plaintiff Matthew Matherne ("Matherne"), proceeding *pro se* and *in forma pauperis*, did not file any opposition and the time to file such has passed. *See* E.D. La. 7.5. The Court finds that oral argument is unnecessary for the reasons that follow.

I. **Background**

Matherne was a pretrial detainee housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC") at the time of the filing of this suit in which he named Houma Police Department ("HPD") as a defendant. ECF No. 5, ¶III(B), at 3. Matherne alleges that on April 4, 2024, during his arrest he was tackled by the arresting officer and his right knee was dislocated. *Id*., ¶IV, at 7. On September 9, 2024, Matherne filed an Amended Complaint (ECF No. 11) in response to an order by this Court requesting more information regarding the claims asserted. In the amended complaint, Matherne states the arresting officer who tackled him was Matthew Henry. ECF No. 11 at 1.

---

[1] The Court notes that Houma Police Department was terminated as a defendant on April 16, 2025.

1

According to Matherne, two patrol units pulled up to him while he was walking, and he proceeded to stop and raise his hands into the air. *Id.* at 2. He states he had no knowledge he was under arrest when Henry grabbed his left arm, faced him towards the unit, and stated "stop resisting" then immediately and violently slammed him to the concrete using his leg to trip or tackle him which dislocated and injured his right knee. *Id.* Matherne states at the time of the arrest he was not resisting. *Id.* As a result of his injury, he was taken to be seen at Leonard J. Chambert Medical Center. *Id.*

Attached to the amended complaint are police reports detailing the incident showing that Matherne was charged by HPD with burglary and resisting an officer. *Id.* at 7. There is also an attachment of an incident report by HPD describing Henry's use of force that states Matherne was pushed off balance backwards by Henry and escorted to the ground. *Id.* at 9-10. Per the amended complaint, Matherne pled guilty to a reduced charge of unauthorized entry of a place of business and the resisting an officer charge was refused. *Id.* at 1.

Prior to the Court's statutory frivolous review, Defendants filed a motion dismiss for failure to state a claim. ECF No. 17. After conducting the frivolousness review, the undersigned issued a Report and Recommendation denying Defendants motion to dismiss, dismissing HPD as a defendant, and allowing Matherne's excessive force claims against Officer Matthew Henry to move forward for further proceedings. ECF No. 21. The United States District Judge adopted the Report and Recommendation on April 16, 2025, and HPD was terminated as a defendant. ECF No. 22. After a preliminary conference both parties consented to proceed before the undersigned. ECF No. 27. In addition to other deadlines, the Court ordered that all discovery was to be completed by November 10, 2025. ECF No. 28.

On October 16, 2025, Defendants filed a motion to compel discovery. Defendants stated they attempted to take a deposition of Matherne on October 6, 2025, at 10:00 a.m., at the Government Tower in Houma, Louisiana. ECF No. 29 at 1. Defendants claimed Matherne answered questions for approximately 15 minutes before stating he would no longer be answering questions. *Id*. Defendants provided transcripts from the deposition that indicate Matherne was answering questions about topics surrounding previous lawsuits, employment, and mental health history. ECF No. 29-1 at 2-4. When Defendants began asking questions pertaining to the alleged incidents in his suit, Matherne began to give responses such as "I don't want to answer your questions," "I'm not going to give the defense profitable margin against me. I apologize for the inconvenience," "So we're done here, I think." The deposition concluded when Matherne stated he was finished with Defendants' questions and that he would be leaving before the deposition was finished. ECF No. 29-1 at 4.

As a result, Defendants sought to compel Matherne to attend a deposition on November 26, 2025, at 10:30 a.m. at the Government Tower in Houma, Louisiana, as well as submit his initial disclosures by the same. ECF No. 29-4 at 1. Additionally, Defendants requested that the Court issue appropriate sanctions under Rule 30 and Rule 37 including, but not limited to, attorneys and court reporter fees. ECF No. 29 at 2. Matherne never filed an opposition to Defendants' motion.

On November 7, 2025, the undersigned issued an order granting and denying Defendants' motion in part. The Court ordered Matherne to attend, be sworn, and testify to all questions in his deposition on November 26, 2025. ECF No. 31. The Court declined to issue sanctions given Matherne's *in forma pauperis* status, but cautioned him that failure to attend the second deposition may result in severe sanctions. *Id*. at 6.

**II.**     **Defendants' Motion to Dismiss (ECF No. 32) and Motion to Compel (ECF No. 33)**

3

On December 9, 2025, Defendants filed a motion to dismiss. In their motion, Defendants state they attempted to take a deposition of Matherne on November 26, 2025, at 10:30 a.m. as prescribed by the Court's order. ECF No. 32 at 1. Defendants state Matherne did not appear for the deposition and that he was properly noticed for the deposition via the Court's order and via Notice of Deposition sent to him via certified mail and email on October 16, 2025. *Id*. Defendants argue that Matherne's inability to be deposed has impeded their ability to conduct discovery in preparation for trial. *Id*. Further, Defendants contend that Matherne's failure to attend to depositions was not justified and asks the Court to dismiss the case with prejudice in accordance with Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. *Id*. at 2.

In support of their motion, Defendants attached a transcript from the deposition taken on November 26, 2025, showing that Matherne was not present. ECF No. 32-2 at 1. Defendants attach an email and letter noticing Matherne of their motion to compel filed on October 16, 2025, after the first deposition was conducted. ECF No. 32-3 at 1-5. Defendants also include the transcript taken from the deposition on October 6, 2025. Id. at 6-15. Further, Defendants submitted notice of the October 6, 2025, deposition to Matherne sent via mail and email. *Id*. at 16-18.

Subsequently, on December 10, 2025, Defendants filed a motion to compel discovery. ECF No. 33. In the motion to compel, Defendants request in the event their motion to dismiss is not granted, that the Court compel Matherne's answers to discovery, deposition, and initial disclosures in accordance with Federal Rule of Civil Procedure 37. ECF No. 33 at 1.

After the filing of the motions, the Court issued an order on December 17, 2025, to Defendants requesting more information. ECF No. 34. The Court noted that Defendants' certificate of service to Matherne as outlined in their motion to dismiss is unclear as to how Matherne was served a copy of the motion. *Id*. at 1. The certificate of service states: "I certify that on December

4

9, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System which will send notice of electronic filing to all counsel. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to all non-CM/ECF participants." ECF No. 32 at 3.

Based on Defendants' filing, the Court was unable to ascertain how service of the motion was given to Matherne or any confirmation of receipt of such service. As such, Defendants were instructed to inform the Court of the steps taken to serve Matherne with their motion to dismiss, Matherne's knowledge of the deposition scheduled for November 26, 2025, his address of record, his communications with opposing counsel, and his current whereabouts, by December 30, 2025. As of the date of this order, Defendants did not file a response or provide any supplemental information.

Additionally, for the same reasons surrounding the uncertainty of service, the Court issued a second order requesting that Matherne inform the Court of his receipt of the motion to dismiss. ECF No. 35. The Court included a curtesy copy of the motion to dismiss with the order to Matherne and advised him that any opposition to the motion needed to be filed on or before December 30, 2025. *Id*. As of the date of this order, Matherne did not file a response to the order informing the Court whether he received the motion nor an opposition to the motion.

### III.    Standards of Review under Fed. R. Civ. P. 41(b) and 37

Federal Rule of Civil Procedure 37 governs the sanctions for a party failing to cooperate in discovery. Rule 37(d)(1)(A) states, "The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." Further, Rule 30(g) provides "[a] party who, expecting a deposition to be taken attends in person or by an attorney may recover reasonable expenses for attending, including

5

attorney's fees, if the noticing party failed to: attend and proceed with the deposition . . . ." Under Rule 37(d)(3), the Court may issue any of the orders listed in Rule 37(b)(2)(A) which includes dismissing the action or proceeding in whole or in part, or treating as contempt of court failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A)(v), (vii).

To dismiss under Rule 37, a lesser sanction must be unavailable. *Id*. "Moreover, the imposition of a sanction without a prior warning is to be avoided." *Francois*, 2012 WL 38291 at *2. Actions by a party triggering Rule 37(d) sanctions do not need to be willful and may be negligent, but "the level of culpability might inform the appropriate sanction." *Abram v. Ashland Servs., LLC*, No. 12-232, 2016 WL 7116018, at *2 (E.D. La. Dec. 7, 2016) (citing *Coane v. Ferrara Pan Candy, Co.*, 898 F.2d 1030, 1032) (5th Cir. 1990) (quoting Fed. R. Civ. P. 37, advisory committee's note to 1970 amendment) ("[I]n view of the possibility of light sanctions, even a negligent failure should come within 37(d).")) (finding that a party failing twice to deposition was ordered to appear, not found in contempt, and ordered to pay reasonable expenses). Rule 37(d)(3) also states that the court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d

6

472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## IV. Analysis

It would appear based on the information provided in the record, that Matherne has not contacted the Court nor counsel for Defendants since the deposition that took place on October 6, 2025. At the deposition, when asked if he had ever been placed in a psychiatric hold at a behavioral health unit, Matherne informed defense counsel he was released from a psychiatric hold at Chabert Medical the same morning of the deposition. ECF No. 32-2 at 8. Defense counsel did not ask any questions relating to Matherne's current mental status, his competency, or whether he understood the proceedings that were taking place despite being released from a psychiatric hold that morning.

It is also unclear to the Court whether Matherne received notice of the second date of the deposition or Defendants' motion to dismiss. Defendants state Matherne was on notice of the November 26, 2025, deposition because of the Court's order and the notice of deposition provided to Matherne by counsel on October 16, 2025, when counsel sent Matherne a copy of their motion to compel containing a proposed order requesting a deposition be set for November 26, 2025. Defendants have submitted no additional information as to what steps they took to notice Matherne

of the deposition scheduled for November 26, 2025, once it was ordered by the Court, nor the steps they took to serve Matherne with their motion to dismiss. As such, the Court cannot definitively conclude that Matherne had notice of the pending motion to dismiss or the November 26, 2025, deposition.

Nonetheless, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with any order of the court. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Matherne has not responded to Defendants motions or the Court's orders within 83 days from the filing of Defendants' first motion to compel. Even if Matherne is no longer at his provided address, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007). Matherne is proceeding *pro se*, and his failure to comply with the Court's orders is solely the result of his own actions or inactions. This failure to prosecute has resulted in the Court's inability to move forward with this case and its docket.

Defendants request in their motion to dismiss that Matherne's claims be dismissed with prejudice. ECF No. 32 at 2. Dismissals with prejudice are "reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982). Those aggravating factors include (1) delay resulting from intentional

conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant. *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984).

Instances where a plaintiff's failure to comply with a court order was "more a matter of negligence than purposeful delay or contumaciousness" do not favor dismissal with prejudice. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (reversing a district court's dismissal with prejudice and remanding for further proceedings when plaintiff was derelict in pursuit of his suit); *See Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967); *See also Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). The record in this case does not support a finding of purposeful delay or contumacious conduct, especially given Matherne's *pro se* status. Thus, the Court finds that dismissal without prejudice for Matherne's failure to prosecute would be more appropriate than a dismissal with prejudice.

Despite the appropriateness of a dismissal without prejudice, the Court is unable to dismiss Matherne's claims without prejudice given the statute of limitations. "[T]he statute of limitations for a Section 1983 action is a state's general or residual personal injury statute of limitations." *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir. 2024) (citation omitted), *cert. denied*, 145 S. Ct. 170 (2024). Here, that is Louisiana's one-year statute of limitations/prescriptive period for tort claims.[2] La. Civ. Code art. 3492 (repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024). The incidents giving rise to Matherne's claims against Defendants occurred on April 4, 2024, and the statute of limitations required that he then file suit with respect to his claims within one year.

---

[2] Currently, Louisiana's prescriptive period for torts is two years. La. Civ. Code art. 3493.1. However, Article 3493.1 has "prospective application only," and its two-year prescriptive period "shall apply to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Because the alleged incidents underlying these claims occurred before July 1, 2024, the former Article 3492 and its one-year prescriptive period apply. *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

9

The prescriptive period commences when the aggrieved party either has knowledge of the violation or notice of the facts which, in the exercise of due diligence, would have led to actual knowledge thereof. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citing *Vigman v. Community Nat'l Bank & Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). As a direct participant of the April 4, 2024, events, Matherne clearly knew of the facts on which to base any claim which would mean he had until April 4, 2025, to file suit before his claims would prescribe under Louisiana law.

Given that the prescriptive period has run, any dismissal at this stage even "without prejudice" would in effect be a dismissal with prejudice as Matherne would be prevented from filing suit again. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Burden v. Yates*, 644 F.2d 503, 505 (5th. Cir. 1981); *Moore v. Lindley*, No. 20-121, 2024 WL 1327257, at *1 (E.D. Tex. Feb. 26, 2024), *report and recommendation adopted by* 2024 WL 1326753, at *1 (E.D. Tex. Mar. 27, 2024). For these reasons, Defendants motion to dismiss should be denied. In light of Matherne's ongoing failure to prosecute, however, the Court does find it necessary to stay and administratively close the case. The case may be reopened upon a motion filed by Matherne to lift the stay should he decide to prosecute his case in the future. Given the stay, Defendants pending motion to compel is denied without prejudice as moot and may be re-urged should the case be reopened.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendants' **Motion to Dismiss (ECF No. 32) is DENIED.**

**IT IS FURTHER ORDERED** that Matherne's remaining claims of excessive force on April 4, 2024, against Defendants be **STAYED** and the case be **ADMINISTRATIVELY CLOSED**. The Clerk of Court is directed to statistically close the case for administrative purposes.

Should plaintiff decide to prosecute his claims in the future, Matherne may motion to lift the stay and reopen the matter for further proceedings.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Compel (ECF No. 33)** is **DENIED WITHOUT PREJUDICE** as **MOOT** and may be re-urged upon a reopening of the above captioned matter by plaintiff.

New Orleans, Louisiana, this 7th day of January 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**